Charles E. NEAL, Petitioner–Appellee,

v.

Terry L. MORRIS, Respondent–
Appellant.

No. 91–3802.

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1992.

Decided Aug. 7, 1992.

Timothy A. Smith (argued and briefed), Cincinnati, Ohio, for petitioner-appellee.

Stuart A. Cole, Asst. Atty. Gen. (argued and briefed), Office of the Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellant.

Before: KENNEDY, and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

The respondent-appellant Terry Morris ("State"), warden of Southern Ohio Correctional Facility, timely appealed from the district court's grant of habeas corpus pursuant to 28 U.S.C. section 2254 to the petitioner-appellee, Charles E. Neal (Neal). Neal was indicted by the Hamilton County grand jury on one count of aggravated robbery in violation of Ohio Revised Code section 2911.01. He was found guilty as charged following a bench trial by the Hamilton County Common Pleas Court. Neal was sentenced to a term of imprisonment from seven to twenty-five years.

Neal appealed the judgment to the Court of Appeals for the First Judicial District, Hamilton County, Ohio, alleging that the trial court committed prejudicial error in refusing to admit impeachment evidence and that the court's guilty verdict was based on insufficient evidence. On August 13, 1986, the Court of Appeals issued an opinion affirming the trial court's decision. Neal next filed a notice of appeal and memorandum in the Supreme Court of Ohio challenging the sufficiency of the evidence that supported his conviction. On December 5, 1986, the Court denied Neal's motion for leave to appeal.

Neal then filed the instant application for writ of habeas corpus in the United States District Court for the Southern District of Ohio. On February 6, 1991, the magistrate issued a report and recommendation that the petition be dismissed. The district court, on August 2, 1991, determined that the trial court must have found the testimony of the jailhouse informant, James Sweeney, unreliable because the trial court acquitted Neal's codefendant, Ernest Jones. Concluding that without the informant's testimony there was insufficient evidence to find Neal guilty beyond a reasonable doubt, the district court granted Neal's petition.

The evidence upon which the trial court anchored its verdict of guilty is easily summarized. On March 18, 1985, the Cincinnati Central Credit Union in Lockland, Ohio was robbed at 8:30 a.m. by two men wearing stocking masks and armed with handguns. The tellers all agreed that the robbers were white males, approximately 5'9" to 5'11" in height, and described their physical characteristics as slender to average. They generalized that the men were in their twenties.

Lockland Police Officer Jeffrey Norton, who responded to the bank alarm and searched for witnesses and evidence, located Scott Bowers, who worked in the personnel department at Sawbrook Steel Company, located about two blocks from the credit union. Bowers testified that at 9:30 a.m. on the date of the robbery he observed an automobile that had stopped on Shepard Lane approximately forty to sixty feet away from his window. There were either two or three men in the vehicle. At trial, he described it as a late 70s model, light green in color, with silver hubcaps with red centers, and many dents, including a crescent-shaped crease on the driver's side by the rear bumper.

Bowers also said that he observed an individual he described as approximately six-feet tall with shoulder-length sandy hair and a mustache, whom he later identified as Neal, approach the car from the sidewalk. Bowers was momentarily distracted, and when he resumed his observations, the trunk of the vehicle was open and Neal was leaning into it and engaged in some unobservable activity. According to Bowers, he observed the individual he identified as Neal speak with the vehicle's occupants for several minutes before entering the vehicle, which thereupon slowly pulled away. Another witness, who had been driving in the area shortly before the robbery, identified the parked vehicle, with three occupants, in the immediate area of the credit union.

Bowers also identified the driver of the vehicle as being unshaven with shoulder-length dark hair, dark eyes, and a bushy mustache. Two weeks later, Bowers viewed a photographic array. Bowers selected Neal's picture from the array as the man who had shoulder-length sandy hair and a mustache. Bowers also selected the picture of the driver, James Bentley, from a photo array. Bentley was a codefendant with Neal.

Neal was arrested on March 28, 1985, after he exited a building in downtown Cincinnati. After the officers read him his *Miranda* rights, and while they were driving to the police station, the officers and Neal engaged in a conversation. Officer Norton advised Neal that the police had "some witnesses," and Neal queried the identity of the individual who had implicated him in the crime. The officer advised him that it was Dena Howard. Neal replied that "she is not going to say anything." Dena Howard is the sister of the third defendant, Ernest Jones.

When the case was called for trial, the State requested a continuance in order to seek Dena Howard's testimony. The court granted the continuance. When the case was rescheduled for trial, the prosecutor advised the Court that Dena Howard was beyond the jurisdiction of the State and that the State was unable to obtain her testimony. However, in the interim between trial dates, the State had procured the testimony of two jailhouse informants. The court granted the prosecutor a short continuance to permit defense counsel to interview the witnesses.

The State presented the testimony of the jailhouse informant, James Sweeney. Sweeney had been celled in the Hamilton County Jail next to Neal and Jones. Sweeney testified that Jones had confessed to him in detail and implicated Neal. He also testified that Neal had accused Jones of "running off his mouth concerning the case and that they were going to have problems because of it," and that Neal threatened to kill Sweeney after he had observed Sweeney speaking with Officer Johnson at the Hamilton county Jail. Johnson was one of the officers that was investigating the robbery.

At trial, the judge ruled that Jones's confession to Sweeney could only be used against Jones. The court explicitly ruled that Jones's confession could not be used against Bentley or Neal. The court also overruled Neal's objections to Sweeney's testimony concerning Neal's statements made directly to Sweeney. At the conclusion of trial, Jones was acquitted, and Neal was convicted.

The Court of Appeals, First Appellate District of Ohio, Hamilton County, consolidated the appeals of Bentley and Neal. Bentley and Neal had challenged their convictions, charging insufficiency of the evidence, which the Court of Appeals rejected. The Court of Appeals also rejected Neal's argument that the trial court committed prejudicial error in refusing to admit impeachment evidence against Sweeney. The Court of Appeals noted that Sweeney's testimony "was admitted solely against Jones, and, specifically, not against the appellant Neal," and, consequently, did not prejudice Neal. Neal appealed to the Ohio Supreme Court of the State of Ohio, where his appeal was dismissed sua sponte for lack of a substantial constitutional question.

Neal filed his petition for habeas corpus on May 18, 1989. Neal alleged that "the manifest weight of the evidence in the instant case is insufficient to support the finding and verdict of the trial court" and that he had been denied his constitutional right to due process of law in violation of the Fifth and Fourteenth Amendments.

In an order dated August 2, 1991, the district court initially considered the evidence that had been admitted against Neal during his trial. It interpreted the Court of Appeals' decision as concluding that the totality of Sweeney's testimony had been excluded from consideration as against Neal. This interpretation, the district court determined, was not supported by the factual record. The district court then speculated that the trial court had discredited the totality of Sweeney's testimony. The district court reasoned that without Sweeney's testimony, no rational trier of fact could find Neal guilty of aggravated robbery beyond a reasonable doubt. Thus, the district court concluded that Neal's due process rights had been violated since the evidence was insufficient to support the trial court's guilty verdict. Accordingly, the district court granted the petition for a writ of habeas corpus and ordered the writ to be issued.

■ The Due Process Clause of the Fourteenth Amendment requires a state to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). In evaluating an insufficient evidence claim in a petition for habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The state need not rule out every

hypothesis of guilt beyond a reasonable doubt, and the reviewing court need not be convinced of petitioner's guilt beyond a reasonable doubt. *Scott v. Perini,* 662 F.2d 428, 431 (6th Cir.1981), *cert. denied,* 456 U.S. 909, 102 S.Ct. 1758, 72 L.Ed.2d 167 (1982).

The reviewing court must view the evidence and the inferences to be drawn therefrom in the light most favorable to the prosecution. *Stacy v. Love,* 679 F.2d 1209, 1212–13 (6th Cir.), *cert. denied,* 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982) (citations omitted). Any conflicting inferences arising from the record, including credibility conflicts, must be resolved in favor of the prosecution. *Walker v. Engle,* 703 F.2d 959, 969 (6th Cir.), *cert. denied,* 464 U.S. 962, 104 S.Ct. 396, 78 L.Ed.2d 338 (1983).

The district court misconceived the factual findings of the Court of Appeals as it concerned the exclusion of Sweeney's testimony. A review of the Court of Appeals decision reveals that Neal, who had not attempted to impeach Sweeney with his prior convictions, attempted to challenge the trial court's impeachment evidentiary rulings concerning Sweeney's testimony against Jones. The trial court had disallowed Sweeney's hearsay testimony of a conversation between himself and Jones against Neal wherein Jones related:

> Ernie [Jones] told me that they had borrowed this car and that they were approximately two blocks away from the savings and loan and they had stopped the car, that Eddie Neal and Bentley had gotten out of the car and got some type of a bag out of the trunk.
>
> Jones said that he was concerned about the fact that across the street there was supposed to have been a man, either standing on the porch or in a window, that could recognize Bentley and Neal. He said that he was sitting inside the car, did not get out of it and that he didn't feel that he could be recognized.
>
> He said that they were only there for a second, got back in the car and drove up to the credit union.

> Jones said that himself and Eddie Neal had gone into the credit union, that Bentley had stayed in the car. Jones said that he had gone into the—both of them, himself and Neal had gone in and that Jones had gone over to—it was, he described it as an older lady. He said there was three women in the savings and loan, in the credit union at the time, and that he had gone over to a lady that was on the telephone and either grabbed the phone from her or made her hang it up. I'm not positive which.
>
> He had stated that Eddie Neal had gone around the counter, yelled for her, for the one girl to put the money in the bag. She didn't do it and that he pushed her out of the way and put the money in the bag himself. He said they were in there for just a couple of minutes, went back out.

Following objection to this testimony, the trial court advised that this testimony would not be considered against Neal, stating, "[T]his has no relevance to Neal." Thus, the state Court of Appeals had correctly decided that the totality of Sweeney's testimony had not been excluded from the trial court's consideration of Neal's guilt or innocence.

■ The record is equally clear from the objections and rulings of the trial court that the trial court did not discredit Sweeney's testimony concerning Neal's statements against interest made during the course of an argument between himself and Jones in the presence of and overheard by Sweeney. Obviously, Sweeney's testimony concerning the argument was direct evidence and not hearsay. Similarly, the trial court admitted and considered Sweeney's testimony concerning Neal's threats to kill him after Neal had observed him talking with the officer who was actively investigating the robbery, a conversation during which, Neal speculated, Sweeney was discussing Neal's participation in the robbery as reflected in the statement Sweeney overheard between Jones and Neal:

> The day—the first time that Officer Johnson had shown up here to see me, Mr. Neal had found out that Officer Johnson was here and right after that, he had gone upstairs to where Ernie

Jones was celling and myself, also, and I had walked up and Eddie Neal was ranting and raving over the fact that this officer had been here, that Neal knew that I knew specific facts about the case and was making the comment that Ernie was up there running off his mouth concerning the case and that they were going to have problems because of it.

Sweeney testified that later the same day, Neal threatened to kill him because the investigating officer had been observed speaking with Sweeney. When Neal objected to this testimony, charging hearsay rather than an admission against interest, the trial court overruled the objection. It is apparent from the record that Sweeney's testimony concerning the argument between Jones and Neal was not hearsay because the argument incorporated admissions against interest made between two individuals in the presence of Sweeney, who overheard the entire conversation. In addition, there is no question that the threat is not hearsay evidence and is admissible. The trial court clearly and properly admitted this evidence against Neal.

 Accordingly, the following evidence had been considered by the trial court in support of Neal's conviction: the description of the robbery given by the tellers; Neal's matching physical appearance to the description of one of the robbers given by the tellers; Neal's presence and activity as observed by Bowers at the time he entered a vehicle in the immediate vicinity of the credit union near the time of the robbery; Neal's statement that Dena Howard would not testify; and Sweeney's testimony that Neal accused Jones of "running off his mouth concerning the case" and that Neal threatened to kill Sweeney after Neal observed him conversing with the officer investigating the robbery.

Viewing this evidence in the light most favorable to the prosecution, and resolving credibility conflicts in favor of the State, the evidence was of sufficient weight to sustain Neal's conviction for armed robbery. Based upon such circumstantial evidence, including Neal's statement to the police that Dena Howard, the person who implicated him, would not "say anything," and his reaction to Sweeney's involvement in the investigation, together with the balance of the evidence, a rational trier of fact could conclude that Neal was guilty of aggravated robbery beyond a reasonable doubt.

It is the province of the factfinder, here the state trial court, to weigh the probative value of the evidence and resolve any conflicts in the testimony. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. In the instant case, the state trial court could have concluded that Sweeney's testimony against Jones was reliable, but concluded that Jones's admission of guilt to Sweeney, without more, was insufficient evidence upon which to find guilt beyond a reasonable doubt. In Neal's case, however, in addition to Sweeney's testimony, the State presented specific evidence, as hereinbefore related, connecting Neal directly to the crime. *See, e.g., Bronston v. Rees,* 773 F.2d 742, 745 (6th Cir.1985).

Jones's acquittal did not present an irreconcilable credibility conflict mandating that the testimony of the informant be totally disregarded. Since the evidence was sufficient to sustain Neal's conviction, his due process rights under the Fourteenth Amendment have not been violated. Thus, for the reasons expressed herein, the judgment of the district court granting habeas corpus relief to the petitioner Neal is REVERSED.