999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Hayes PHILLIPS, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 93-5036.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 Before MILBURN and NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Hayes Phillips, a pro se Kentucky prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 2, 1987, a Jefferson County, Kentucky, jury convicted Phillips of two counts of second-degree assault. He was sentenced to five years imprisonment on each count. Phillips pleaded guilty to first degree persistent felony offender on July 10, 1987. His sentences were enhanced to ten years to run concurrently with each other. On June 2, 1989, the Kentucky Court of Appeals affirmed the convictions. The Kentucky Supreme Court denied discretionary review on October 11, 1989.
 
 
 3
 Thereafter, Phillips filed a motion pursuant to Ky.R.Crim.P. 11.42 to vacate his sentence on the grounds of ineffective assistance of counsel. His motion was denied on the ground that this issue had been raised and resolved on direct appeal. Phillips filed a second 11.42 motion which was also denied by the trial court, and by the Kentucky Court of Appeals. Phillip's belated motion for an enlargement of time in which to file a motion for discretionary review was denied by the Kentucky Supreme Court in an order entered August 31, 1990. Phillips exhausted available state court remedies.
 
 
 4
 In his habeas petition, Phillips advanced the following claims:
 
 
 5
 1.) That he was denied due process of law when the trial court failed to enter a directed verdict of acquittal after the prosecutor admitted during closing arguments that all his witnesses were lying under oath;
 
 
 6
 2.) That he was denied the effective assistance of counsel when trial counsel failed to move for a mistrial after a prosecution witness accused Phillips of being a "pimp" and "promoter" of prostitutes; and
 
 
 7
 3.) That he was denied the effective assistance of counsel when trial counsel failed to move for a mistrial after the prosecutor went outside the record and made inflammatory and prejudicial remarks regarding Phillips.
 
 
 8
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied as meritless. The district court adopted the magistrate judge's report and recommendation after reviewing Phillip's objections.
 
 
 9
 On appeal, Phillips reasserts issues one and two above and further argues that the district court erroneously concluded that defense counsel's failure to move for a mistrial was a tactical decision.
 
 
 10
 Upon review, we affirm the judgment of the district court because Phillips has not shown he was denied a fundamentally fair trial. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 11
 The jury was presented with the victims' version of the events, the testimony of eyewitnesses, as well as Phillips's self-defense testimony. Faced with this conflicting evidence, the jury was clearly entitled to reject Phillips's testimony which formed the basis of his self-defense theory, and to credit the prosecution's evidence, which contradicted such defense. "[I]t is the province of the factfinder ... to weigh the probative value of the evidence and resolve any conflicts in the testimony." Neal v. Morris, 972 F.2d 675, 679 (6th Cir.1992); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). The jury's determinations as to the credibility and demeanor of witnesses is entitled to deference by a reviewing court. Brown, 752 F.2d at 1147. It therefore follows that there was sufficient evidence to support the conviction. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 12
 Concerning the ineffective assistance of counsel claim, Phillips has failed to establish that his counsel's performance was so beneath the range of that demanded of criminal lawyers that he was prejudiced to the point of being wrongly convicted. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.