4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry L. COONTZ, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 92-3149.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1993.
 
 Before: MARTIN and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Harry L. Coontz appeals the partial denial of his petition for writ of habeas corpus. On appeal, Coontz argues that there is (1) insufficient evidence to support his conviction for the March 28, 1985, robbery and (2) no proof that the weapon he allegedly carried while committing the underlying offenses was operable.[1] For the following reasons, the district court will be affirmed.
 
 Background
 
 2
 Coontz was convicted on two counts of aggravated robbery, for robberies occurring on January 8, 1984, and March 28, 1985, in violation of Ohio Rev.Code section 2911.01, and one count of having a weapon while under disability, in violation of Ohio Rev.Code section 2923.13. Coontz was also convicted of firearm specifications for violations of section 2929.71 in connection with the three underlying offenses. On November 29, 1990, Coontz filed a petition for writ of habeas corpus. The district court granted the petition on the count related to the January 8 robbery but otherwise denied it.
 
 Analysis
 
 3
 1. The March 28, 1985 robbery conviction is supported by sufficient evidence.
 
 
 4
 Ohio Rev.Code section 2911.01 provides that "[n]o person, in attempting or committing a theft offense ... shall ... [h]ave a deadly weapon ... on or about his person." Coontz does not claim that any of the circumstances specified in 28 U.S.C. Sec. 2254(d) applies and has not offered "convincing evidence" to show that the factual findings of the state court are incorrect. See 28 U.S.C. Sec. 2254(d). Therefore, the state court's findings are presumed to be correct. Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990). These findings, as stated by the Ohio Court of Appeals, are as follows:
 
 
 5
 On March 27, 1985, between 8:00 and 10:00 p.m., a man wearing blue jeans, a tee shirt and a green army fatigue jacket threatened Jane Norris at her home in Akron. The man carried a sawed-off shotgun. Norris identified Coontz as the man who threatened her. James Wright, who was involved in an ongoing dispute with Norris and her family, testified that he drove Coontz to the Norris residence because Coontz wanted to scare Norris for him. Wright stated that Coontz was carrying an object, possibly a sawed-off shotgun, strapped to his chest when he went to the residence. Wright also testified that Coontz wore clear plastic surgical gloves and had a ski mask on top of his head. Furthermore, Wright said that he saw Coontz with a sawed-off shotgun earlier that evening.
 
 
 6
 The following morning [at] about 4:00 a.m., another Lawsons [sic] [store] on East South Street in Akron was robbed. The man who robbed it wore a ski mask, blue jeans, green army fatigue jacket and had clear plastic gloves on his hands. The robber carried a sawed-off shotgun strapped to his chest and was described as being thin. A clerk who worked during the robbery testified that Coontz's eyes were similar to those of the robber.
 
 
 7
 ....
 
 
 8
 At trial Coontz denied committing the robberies.... Coontz testified that he had gone to California in mid-March and was there when the March 27 robbery took place. A truck driver, Larry Reedy, testified that he was working for the Blair Cartage Company at that time and gave Coontz a ride to Evansville, Indiana to start him on his way west.
 
 
 9
 ... [T]he prosecution produced records ... which showed that Reedy did not even start to work for [Blair Cartage Company] until mid-April....
 
 
 10
 Ohio v. Coontz, No. 12313, slip op. at 2-4 (Ohio App. March 12, 1986).
 
 
 11
 In deciding whether to uphold the conviction under section 2911.01 for the March 28 robbery, this court must "determine 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Warren, 973 F.2d 1304, 1308 (6th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307 (1979)). Conflicting inferences, including those relating to credibility, must be resolved in favor of the prosecution. Neal v. Morris, 972 F.2d 675, 678 (6th Cir.1992). In this case, the evidence supports Coontz's conviction for the March 28 robbery.
 
 
 12
 2. Coontz's procedural default bars his claim relating to the operability of his weapon.
 
 
 13
 Coontz next claims that the state trial court erred in convicting him of the three firearm specifications under Ohio Rev.Code section 2929.71 because the state did not show that the weapon he allegedly carried during the commission of underlying offenses was operable. Proof of a firearm specification now requires proof "that the firearm was operable or could readily have been rendered operable at the time of the offense." State v. Gaines, 545 N.E.2d 68, 71 (Ohio 1989). Nevertheless, Coontz procedurally defaulted on this claim by failing to raise it in state court.
 
 
 14
 Coontz's procedural default bars consideration of his claim because he has not shown cause as required by Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). Coontz's case was decided prior to Gaines, the Ohio Supreme Court case holding that conviction for firearm specifications requires proof of operability. Furthermore, the novelty of a constitutional claim is cause for the failure to raise it where its legal basis is not reasonably available to a habeas petitioner, Reed v. Ross, 468 U.S. 1, 16 (1984). However, the Ohio Court of Appeals was divided on the proof of operability issue when Coontz was tried. Thus, Coontz had a legal basis for claiming that firearm specifications required proof of operability at the time of trial and has not shown cause for his procedural default.[2] See Murray v. Carrier, 477 U.S. 478, 486-87 (1986) ("the mere fact that counsel failed to recognize the factual or legal basis for a claim ... does not constitute cause"); United States v. Shaid, 937 F.2d 228, 231 (5th Cir.1991) (en banc) (cause not shown where relevant law not settled between and within circuits), cert. denied, 112 S.Ct. 978 (1992); Cook v. Foltz, 814 F.2d 1109, 1112 (6th Cir.) (cause not shown, despite unavailability of Sandstrom doctrine, where constitutional claim could be "constructed" from prior case law), cert. denied, 484 U.S. 837 (1987).
 
 Conclusion
 
 15
 Coontz's March 28 robbery conviction is supported by substantial evidence and he procedurally defaulted on his claim relating to the firearm specifications. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Coontz also argues that the gun specification based on the January 8, 1984, robbery conviction should be vacated, but that relief has already been granted by the district court
 
 
 [2]
 Even if Coontz was able to show cause, Gaines was decided more than two years after Coontz was convicted and was not made retroactive by the deciding court