19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger D. SPEED, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 93-5874.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: KEITH, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Roger D. Speed appeals pro se from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Speed of murder, driving while under the influence (third offense), operating a vehicle while his license was revoked, possessing a controlled substance and possessing marijuana. Speed raised two claims in his federal habeas corpus petition: 1) there was insufficient evidence to support his murder conviction as he was too intoxicated to form the mens rea required for that offense; and 2) his trial counsel was ineffective because counsel failed to move for the suppression of evidence, failed to object to the prosecutor's closing argument and failed to object to the trial court's instruction on intoxication. On May 26, 1993, the district court adopted a magistrate judge's recommendation and dismissed the petition. It is from this judgment that Speed now appeals. The respondent has chosen not to file a brief.
 
 
 3
 Speed was convicted under a statute which requires that the defendant cause the victim's death by wantonly creating a grave risk of death to another while operating a motor vehicle under circumstances that manifest an extreme indifference to human life. Ky.Rev.Stat.Ann. Sec. 507.020(b) (Michie/Bobbs-Merrill 1990). A person may act wantonly even if he is unaware of the risk that he has created because of voluntary intoxication. Ky.Rev.Stat.Ann. Sec. 501.020(3) (Michie/Bobbs-Merrill 1990). Nevertheless, Speed argues that there was insufficient evidence to support his murder conviction because he was too intoxicated to be aware of the risk that he was creating and because there were no other circumstances manifesting an extreme indifference to human life.
 
 
 4
 In determining whether there has been a constitutional error regarding the sufficiency of the evidence, we must decide whether any rational trier of fact would accept the evidence as establishing each of the essential elements of the offense. Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992). The Kentucky Supreme Court held that extreme indifference was a separate necessary element of Speed's murder conviction. However, the court also made the following findings of fact which are presumptively correct, as Speed has not presented convincing evidence to the contrary. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam).
 
 
 5
 The charges against appellant stem from a bizarre early morning traffic accident in which the victim's legs were severed when they were pinned against the rear of a garbage truck by the truck Speed was driving. The victim died from multiple injuries. Appellant was on his way to his ex-wife's house after spending the night at his brother's house, where a party was held. He apparently struck the victim and the rear end of the garbage truck at full speed. The evidence showed that appellant had a long-term drinking problem, had been drinking the evening before the accident, and still had a blood alcohol level above the legal limit at the time of the accident. He had previously been convicted for driving under the influence and for driving on a suspended license.
 
 
 6
 The court also found that several other controlled substances were present in Speed's system when the accident occurred. Under these circumstances, a rational juror could easily find that Speed had acted wantonly and with extreme indifference to human life.
 
 
 7
 To establish ineffective assistance of counsel, Speed must show that counsel's performance was deficient and also that he was prejudiced by counsel's errors to the extent that his trial was unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). He has not satisfied either part of this test.
 
 
 8
 Speed argues that his trial counsel was ineffective because counsel did not move to suppress two blood samples that were taken from him without his consent before he was formally arrested. However, the samples were taken by hospital personnel, rather than the police, and one of the samples was tested by them in the course of treating Speed's injuries. Hence, counsel did not err by failing to seek suppression as the disputed evidence was admissible at trial. See Schmerber v. California, 384 U.S. 757, 770-71 (1966). Moreover, Speed was not prejudiced by the admission of the test results because there was other evidence which established his intoxication at the time of the accident.
 
 
 9
 Speed also argues that counsel was ineffective because counsel did not object to the prosecutor's closing argument which indicated that second degree manslaughter was not a serious offense and which appealed to the jurors' community conscience to correct the problem of drunk driving. However, to rise to the level of a constitutional violation, prosecutorial misconduct must be so egregious as to deny the petitioner a fair trial. United States v. Roberts, 986 F.2d 1026, 1032 (6th Cir.), cert. denied, 114 S.Ct. 271 (1993). The prosecutor's comments did not deprive Speed of a fundamentally fair trial as there was ample evidence establishing his guilt.
 
 
 10
 Finally, we note that Speed's brief does not contain any argument to support his claim that counsel failed to object to the jury instructions on intoxication. He has, therefore, abandoned this claim for purposes of appellate review. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.