53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Willford SMITH, Defendant-Appellant.
 No. 94-3449.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Willford Smith appeals his convictions and sentence for conspiracy and distribution of more than five grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B)(iii), 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 A jury found that Smith was guilty of these charges on January 26, 1994. On April 22, 1994, the district court sentenced him to an aggregate term of 97 months of imprisonment and 4 years of supervised release. It is from this judgment that Smith now appeals.
 
 
 4
 Smith's appellate counsel has filed a motion to withdraw, with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Smith responded to counsel's motion and brief by filing a motion for the appointment of new counsel. Smith has not filed any further response, even though he was advised that he would have until February 13, 1995, in which to do so.
 
 
 5
 At trial, George Dukes testified that he had been working as a paid informant with ATF Agent Dan Ozbolt. On August 4, 1993, Dukes arranged a drug buy for Ozbolt from Smith's co-defendant, Howard Bushay. Dukes testified that he and Ozbolt followed Bushay to a residence, where Bushay made a phone call. Smith subsequently arrived, but he did not get out of his car. Bushay went to the car and talked to Smith. He then returned to the residence and gave Ozbolt a "sack of dope." Bushay took some money from Ozbolt to Smith's car and stayed with Smith for a few minutes before returning to the house.
 
 
 6
 Smith testified that he was present when the charged offenses occurred but that he did not know that Bushay was selling drugs. Counsel now suggests that Dukes's testimony may not be sufficient to support Smith's conviction because Dukes did not see Smith and Bushay exchange any drugs or hear their conversation. However, Dukes also testified that he saw Smith give a package of drugs to Bushay during a second transaction, on August 18, 1994. Furthermore, Bushay testified that he obtained drugs from Smith in the car, took them to Ozbolt in the house and then returned to the car and paid Smith for the drugs. Bushay also confirmed that Smith had given him a package of drugs during the second transaction. Finally, Agent Ozbolt testified that Bushay had gone to Smith's car on August 4, 1994, and returned with approximately 12 grams of cocaine base. Ozbolt gave him $500, which Bushay took to Smith's car. Ozbolt also generally corroborated the testimony of Dukes and Bushay regarding the second transaction, where he purchased 24.9 grams of cocaine base from Bushay for $1,100. In light of this testimony, it cannot reasonably be argued that there was insufficient evidence to convict Smith. See Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir. 1992); Takacs v. Engle, 768 F.2d 122, 127 (6th Cir. 1985).
 
 
 7
 Counsel also suggests that Smith was prejudiced by testimony regarding Bushay's drug dealings prior to August of 1994. However, the record shows that Smith did not object when this testimony was first elicited from Bushay and that defense counsel questioned Bushay on cross-examination regarding Smith's involvement in the disputed transactions. Thus, counsel's suggested argument is precluded by Smith's failure to make a contemporaneous objection at trial. See American Anodco, Inc. v. Reynolds Metal Co., 743 F.2d 417, 424 (6th Cir. 1984).
 
 
 8
 Counsel suggests that Bushay may have testified to avoid prosecution. However, the issue of Bushay's credibility was fairly presented to the jury. The government elicited testimony from Bushay regarding his plea bargain during its direct examination, and Smith's attorney questioned Bushay further regarding this issue during cross-examination. Moreover, Bushay's testimony was generally corroborated by both Dukes and Ozbolt. Under these circumstances a reasonable juror could easily credit Bushay's testimony over Smith's, even though Bushay was advantaged by testifying against him.
 
 
 9
 Counsel also suggests that Smith may not have had effective assistance of counsel at trial. However, this claim cannot be fully adjudged from the present record. Therefore, any Sixth Amendment claim that Smith might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. Sec. 2255, rather than on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993).
 
 
 10
 Finally, we note that the trial court rejected Smith's objection to the description of the offense that was given in the presentence investigation report. However, trial counsel agreed that this objection was intended to preserve Smith's arguments regarding the sufficiency of the evidence, and those arguments lack substantial merit. The other objections that Smith raised to the report were all resolved in his favor. Moreover, Smith has waived any other arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir. 1993).
 
 
 11
 Accordingly, counsel's motion to withdraw is granted, Smith's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation