**Raymond WALKER, Petitioner–Appellant,**

v.

**Harry K. RUSSELL, Warden, Respondent–Appellee.**

No. 94–3389.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1995.

Decided June 13, 1995.

David B. Cathcart (argued), Eli Manos (briefed), Mansour, Gavin, Gerlack & Manos, Cleveland, OH, for petitioner-appellant.

John J. Gideon (briefed), Charles L. Wille (argued), Office of the Atty. Gen. of Ohio, Columbus, OH, for respondent-appellee.

Before: CONTIE, RYAN, and SILER, Circuit Judges.

CONTIE, Circuit Judge.

Raymond Walker seeks habeas corpus relief. The district court denied Walker's petition. We affirm.

## I.

On July 22, 1972, police officer Guy Mack was shot and killed during a robbery of an A & P grocery store in Canton, Ohio. Officer Mack was off-duty and standing with his wife in a check-out line when he was shot in the head by one of the men attempting to rob the store. Customers and cashiers inside the A & P witnessed the shooting. A customer standing outside the grocery store saw three men flee the scene. A neighborhood resident reported two cars speeding past her house immediately after the robbery and testified that she took a good look at one of the drivers.

Fred Ogletree and Warren Davidson were apprehended soon after the robbery and were convicted. Ogletree and Davidson subsequently identified petitioner-appellant Raymond Walker as the "trigger man." On March 12, 1976, the Stark County grand jury indicted Walker for the murder of Officer Mack. Walker's first trial ended in a hung jury.

Davidson and Ogletree testified for the state at Walker's second trial. Specifically, Davidson identified Walker as the crime's instigator and principal participant. Ogletree corroborated Davidson's testimony and identified Walker as the "trigger man." On September 8, 1976, the jury found Walker guilty of first degree murder. Walker received a life sentence.

Walker appealed his conviction unsuccessfully through the Ohio court system. After the United States Supreme Court denied his petition for writ of certiorari, Walker sought habeas corpus relief in district court. In his petition, Walker asserted that: (1) Ohio's appellate courts applied the wrong standard of review; (2) no rational trier of fact could have found him guilty beyond a reasonable doubt; and, (3) the cumulative effect of evidentiary errors infringed upon his right to a fair trial.

The magistrate judge recommended that Walker's petition be granted and that Walker be released from prison. Though the district court agreed with the magistrate judge's conclusion that Walker's rights had been violated, the district court rejected the magistrate judge's recommended relief and, instead, ordered that Walker be retried. This court affirmed the district court's decision. *Walker v. Engle*, 703 F.2d 959 (6th Cir.), *cert. denied*, 464 U.S. 951, 962, 104 S.Ct. 367, 396, 78 L.Ed.2d 327, 338 (1983).

Walker was retried in June 1984. Though Davidson and Ogletree were again called as witnesses for the state, Davidson testified that Walker was not involved in the robbery or the murder and asserted that he could not remember whether Ogletree took part in the robbery, the names of the other participants, and the number of vehicles used in the robbery. The trial judge declared Davidson unavailable and allowed the prosecution to introduce into evidence an edited version of Davidson's 1976 trial testimony. Though Ogletree did not recant his 1976 testimony, he refused to take the stand at Walker's 1984 trial. Accordingly, the trial court declared Ogletree unavailable and his earlier testimony was admitted as substantive evidence.

Mable Mack (the decedent's wife), Bertha Jones, Willa May Hart and numerous others testified for the prosecution. Though Mack, Jones and Hart failed to identify Walker in a 1975 police lineup, Mack and Hart positively identified Walker as the gunman at trial. Jones, an A & P customer that witnessed the shooting, selected Walker's photograph from a photo array and positively identified Walker as the gunman at trial.

Walker, in turn, presented an alibi defense and attacked the credibility of the state's witnesses. Walker insisted that he was incarcerated in the Cuyahoga County Jail on or about the day of the robbery. Though Walker offered witnesses and documents to support his alibi, the state, on rebuttal, produced testimony that Cuyahoga County Jail procedures were lax and that Walker might have

walked out of the jail, and back into the jail, undetected.[1]

On June 29, 1984, Walker was found guilty of first degree murder and was sentenced to life imprisonment. Walker appealed his conviction on several grounds: the prosecutor's improper use of peremptory challenges; the admission of Davidson's prior testimony; and, insufficiency of the evidence. Though the Ohio appellate courts affirmed Walker's conviction, the United States Supreme Court granted Walker's petition for a writ of certiorari on the peremptory challenge issue [2] only, and remanded the case to the Stark County Court of Appeals to reconsider the prosecutor's use of peremptory challenges. *Walker v. Ohio*, 479 U.S. 1076, 107 S.Ct. 1270, 94 L.Ed.2d 132 (1987).

Upon remand from the Stark County Court of Appeals, the state trial court determined that the prosecutor's use of a peremptory challenge to dismiss the only African–American on the jury venire was made in good faith and was not based on race. The Stark County Court of Appeals affirmed Walker's conviction. On March 1, 1989, the Ohio Supreme Court denied Walker leave to appeal. On June 19, 1989, the United States Supreme Court denied Walker's petition for a writ of certiorari. *Walker v. Ohio*, 491 U.S. 908, 109 S.Ct. 3195, 105 L.Ed.2d 703 (1989).

On August 1, 1990, Walker filed a petition seeking habeas corpus relief in district court. Specifically, Walker alleged that no rational trier of fact could have convicted him, and that the prosecutor improperly dismissed the only African–American on the jury venire. Walker subsequently abandoned his peremptory challenge claim. Respondent-appellee Harry K. Russell, the Warden of the Lima Correctional Institution, filed his answer on October 29, 1990.

On March 9, 1994, the district court denied Walker's petition:

> Petitioner contends that no rational trier of fact could have convicted him. He asserts that he was in the Cuyahoga County Jail on the day the murder was committed in Canton, Ohio. In *Jackson v. Virginia*, the Court held that in a challenge to a state court conviction, the Petitioner is entitled to habeas corpus relief if it is found that upon the record addressed at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. The proof requires such relevant evidence as a reasonable mind might accept to support a conclusion.
>
> . . . .
>
> Obviously, the jury did not believe [Davidson's] testimony in the 1984 trial. The Court agrees with the Magistrate Judge's statement that "such disbelief cannot be unreasonable." [Davidson] stated that he could not remember who was with him when the murder was committed. That is extremely hard to believe considering that the accomplice is spending a major portion of his life in prison because of this incident. Yet he cannot remember who was with him at that time? It certainly was reasonable for a jury not to believe his contradictory 1984 testimony. The jury could believe his testimony in the 1976 trial. The trier of fact has the responsibility to resolve conflicts in testimony, to weigh the evidence and draw reasonable inferences. Besides the accomplices, the prosecution presented several eyewitnesses who saw the petitioner at the scene of the murder. Also, testimony showed that jail procedures were somewhat careless. It cannot be determined that a rational jury could not have found proof of guilty [sic] beyond a reasonable doubt.

---

1. The jury rejected Walker's claim that he was incarcerated on July 22, 1972. Though we are, of course, troubled by the evidence supporting Walker's alibi, numerous witnesses testified that the jail's record-keeping procedures were weak and, at times, non-existent. In fact, inmate counts fluctuated daily without explanation and the "head counts" often differed from the number of inmate "cards" recorded each day. Indeed, "head counts" were often not taken. Moreover, numerous corrections officers testified that the Cuyahoga County Jail was overcrowded, *see, e.g.,* Trial Transcript at 1113 ("We had too many men sleeping in the cells, men were sleeping on the floor, in the day room, in the aisles, men were sleeping everywhere."), and run by inmates. *See Id.* at 1114 (deputies often relied on inmate "range bosses" to count the inmates).

2. Pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

District Court's Memorandum and Order at 2–3 (citations omitted).

Walker timely appealed.

## II.

■ Walker argues that "no rational trier of fact could find beyond a reasonable doubt that [he] was even present in Canton at the time of the robbery, much less guilty of the shooting." Appellant's Brief at 10. Specifically, Walker maintains that he "could not have been at the scene of the shooting because he was incarcerated in the Cuyahoga County Jail at the time the robbery occurred." Appellant's Brief at 11.

■ We must determine whether, after viewing the evidence (and the inferences to be drawn therefrom) in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The state need not rule out every hypothesis except that of guilt beyond a reasonable doubt, and the reviewing court need not be convinced of petitioner's guilt beyond a reasonable doubt. *Neal v. Morris,* 972 F.2d 675, 677–78 (6th Cir.1992) (citation omitted). Moreover, the jury's credibility determinations are entitled to "special deference." *Brown v. Davis,* 752 F.2d 1142, 1147 (6th Cir.1985). *See also United States v. Wynn,* 987 F.2d 354, 358 (6th Cir.1993) ("Questions of credibility are primarily for the jury to decide.").

Both Ogletree and Davidson testified (at Walker's 1976 trial) that Walker was involved in the robbery.[3] Ogletree, in fact, testified that he saw Walker shoot Guy Mack.[4] Customers Mable Mack and Bertha Jones witnessed the murder and positively identified Walker as the gunman at trial. Willa May Hart, a nearby resident, positively identified Walker as the man driving away from the A & P immediately after the robbery. Cuyahoga County Jail officials rebutted Walker's claim that he was, without question, incarcerated at the time of the robbery and murder.

Though Walker claims that the district court improperly applied the "no evidence" rule to reach an unjust result,[5] the district court properly concluded that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (pursuant to *Jackson* ).

Though Walker also asserts that the district court "appl[ied] an excessively deferential standard of review to the factual findings of the jury," Appellant's Brief at 16, Walker's contention is without merit. In his report and recommendation, the magistrate judge noted: "It is apparent that the jury did not believe the 1984 testimony of Davidson. Such disbelief cannot be deemed unreasonable.... It is not for this Court to weigh the credibility of the witnesses, or reach its

---

**3.** Though Davidson recanted his 1976 testimony implicating Walker at Walker's 1984 trial, the jury apparently rejected Davidson's 1984 testimony. In light of Davidson's purported memory lapses with respect to the robbery and murder, and his admission that he had previously lied and would lie again if it would benefit him, the jury reasonably rejected Davidson's 1984 testimony. Moreover, it is not for this court to weigh the credibility of the witnesses or to reach its own conclusion as to whether the evidence presented at trial established guilt beyond a reasonable doubt. We believe the magistrate judge phrased it well in his July 8, 1992 Report & Recommendation wherein he concluded:

Although several aspects of this case remain unsettling to this Court, this Court cannot say that Davidson's 1984 testimony compels the conclusion that no reasonable jury could have found the evidence sufficient to convict. This

Court must conclude that a rational jury assessing the facts of this case could have found beyond a reasonable doubt that Petitioner was guilty of first degree murder.

Report & Recommendation at 14 (citation omitted).

**4.** Davidson claimed that he did not enter the A & P and, therefore, did not witness the shooting.

**5.** Prior to *Jackson,* courts applied the "no evidence" standard of review set forth in *Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Under the "no evidence" standard, "a state violates a defendant's constitutional due process when it convicts the defendant of a crime without evidence to support an essential element of the crime." *Speigner v. Jago,* 603 F.2d 1208, 1210 (6th Cir.1979), *cert. denied,* 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980).

own conclusion as to whether the evidence at the trial established guilt beyond a reasonable doubt." Report & Recommendation at 13–14 (citations omitted). *See also* District Court's March 9, 1994 Memorandum and Order at 3 ("The trier of fact has the responsibility to resolve conflicts in testimony, to weigh the evidence and draw reasonable inferences."). We agree. The district court properly rejected Walker's invitation to make credibility determinations and to decide whether the evidence established Walker's guilt beyond a reasonable doubt.

Accordingly, we AFFIRM the district court's decision denying Walker's petition for habeas corpus relief.