77 F.3d 483
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John CHEATHAM, Defendant-Appellant.
 No. 95-5659.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1996.
 
 M.D.Tenn., No. 94-00078; Thomas A. Higgins, District Judge.
 M.D.Tenn.
 AFFIRMED.
 Before: MERRITT, Chief Judge: BOGGS, Circuit Judge, and GILMORE, District Judge.*
 
 ORDER
 
 1
 John Cheatham appeals his convictions and sentence for carjacking, aiding and abetting, carrying a firearm during a carjacking and possession of an unregistered sawed-off shotgun, violations of 18 U.S.C. §§ 2119, 2 and 924(c)(1) as well as 26 U.S.C. § 5861(d). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Cheatham of these charges on February 1, 1995. On May 1, 1995, the district court sentenced him to an aggregate term of 260 months of imprisonment and 3 years of supervised release. It is from this judgment that Cheatham now appeals.
 
 
 3
 The attorney who represented Cheatham at trial has filed a motion to withdraw, with a brief indicating that there are only frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Cheatham has not filed a response to counsel's motion even though he was granted several extensions of the time in which to do so. In his last motion to extend, Cheatham sought the appointment of new counsel as a form of alternative relief.
 
 
 4
 An independent review of the record and of counsel's brief reveals no substantial issues that would support an appeal in this case. The testimony at trial indicated that Cheatham and two other individuals forced the victims from a car by brandishing an unregistered sawed-off shotgun. After forcing the victims to lie down in a nearby park, Cheatham and his accomplices drove away in the car. The shotgun was found in the trunk of the car when one of the accomplices was arrested. While Cheatham was not in the car at that time, he was clearly identified by one of the victims and by the accomplice as being the individual who had held the shotgun during the carjacking. Cheatham did not present any evidence after the close of the prosecution's case in chief.
 
 
 5
 Counsel now suggests that Cheatham may argue that the trial court erred by denying his motion for a judgment of acquittal and that the evidence was not sufficient to support his conviction. In particular, counsel notes that Cheatham's fingerprints were not retrieved from the shotgun. In reviewing these arguments, we construe the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could accept the evidence as establishing each of the elements of the offenses charged. See Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992); United States v. Busacca, 936 F.2d 232, 239 (6th Cir.), cert. denied, 502 U.S. 985 (1991). Moreover, uncorroborated testimony may be sufficient to support a conviction, even when it is the testimony of an accomplice. Takacs v. Engle, 768 F.2d 122, 127 (6th Cir.1985); Brown v. Davis, 752 F.2d 1142, 1144-45 (6th Cir.1985).
 
 
 6
 The arguments suggested by counsel are unavailing. It was the jury's function to evaluate the witnesses' credibility and to resolve any conflicts in their testimony. The victims' eyewitness testimony and that of Cheatham's accomplice provided an ample basis for denying the motion for acquittal as well as sufficient evidence to support Cheatham's carjacking and felony firearm convictions. This testimony was generally corroborated by the testimony of the investigating officers. In conjunction with the eyewitness testimony, Agent Hissam's testimony provided sufficient evidence to support Cheatham's conviction for possessing an unregistered sawed-off shotgun.
 
 
 7
 No substantial issues arose prior to trial that were not resolved in Cheatham's favor. Cheatham's objections at trial did not involve any significant error, and he was not substantially prejudiced by the denial of any objection that he made. Appellate review of any other trial errors is precluded by Cheatham's failure to make a contemporaneous objection at trial. See Jones v. Lewis, 957 F.2d 260, 263 (6th Cir.), cert. denied, 113 S.Ct. 125 (1992).
 
 
 8
 The presentence investigation report indicated that Cheatham had a criminal history category of VI and a total offense level of 28, yielding a sentencing range of 140 to 175 months of imprisonment on his carjacking and unregistered sawed-off shotgun convictions. It also indicated that a consecutive term of ten years of imprisonment was mandated for his felony firearm conviction under 18 U.S.C. § 924(c). Cheatham did not object to this report, and he did not raise any legal issues at his sentencing hearing. Thus, in the absence of plain error, Cheatham has waived any arguments that he might have regarding his sentencing by failing to raise them at that time. See United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993). Cheatham's sentence was not plainly erroneous, as he received the minimum sentence that was required by the relevant statutes and sentencing guidelines. Hence, any direct challenge to Cheatham's sentence would lack substantial merit.
 
 
 9
 Accordingly, counsel's motion to withdraw is granted, Cheatham's motion for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore. United States District Judge for the Eastern District of Michigan, sitting by designation