108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. ALLEN, Jr., Petitioner-Appellant,
v.
William SEABOLD, Respondent-Appellee.
 No. 96-5491.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1997.
 
 E.D.Ky., No. 95-00021; Karl S. Forester, Judge.
 E.D.Ky.
 AFFIRMED.
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 John W. Allen, Jr., appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Fayette County, Kentucky, Circuit Court in January 1993, petitioner was convicted of first-degree rape and sexual misconduct. Petitioner was sentenced to concurrent 10 year and six-month terms of imprisonment, respectively, and was fined $500. Petitioner's convictions were affirmed by the Kentucky Court of Appeals on direct appeal, and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 Next, petitioner filed his habeas petition by counsel in the district court alleging that he was denied a fundamentally fair trial when the trial court denied his motion for a directed verdict, which was based on petitioner's allegation at trial that the testimony of his victim was unsubstantiated and otherwise incredible. Respondent submitted an answer and motion to dismiss or for summary judgment, and petitioner responded in opposition. The magistrate judge recommended the petition be dismissed as without merit, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 4
 This court reviews de novo the dismissal of a petition for habeas corpus relief. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994); Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Generally, constitutionally adequate evidence supports a conviction if viewing the evidence in the light most favorable to the prosecution any rational trier of fact would accept the evidence as establishing beyond a reasonable doubt each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 319 (1979). A reviewing court need not be convinced of guilt beyond a reasonable doubt. Walker v. Russell, 57 F.3d 472, 475 (6th Cir.) cert. denied, 116 S.Ct. 475 (1995); Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992). Further, a jury's credibility determination is entitled to "special deference." Walker, 57 F.3d at 475; Brown v. Davis 752 F.2d 1142, 1147 (6th Cir.1985).
 
 
 5
 Upon consideration, we affirm the district court's judgment for the reasons stated in the magistrate judge's report and recommendation filed September 25, 1995, and in the district court's opinion and order filed February 5, 1996. Essentially, petitioner's convictions are supported by constitutionally adequate evidence. Finally, it is noted that the district court properly denied petitioner's pro se motion to amend his petition.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.