**Squire ISABELL, Jr., Petitioner–Appellant,**

v.

**Bruce CURTIS, Warden, Respondent–Appellee.**

**No. 01–1777.**

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before MARTIN, Chief Judge; BOGGS and DAUGHTREY, Circuit Judges.

Squire Isabell, Jr., a Michigan prisoner proceeding pro se, appeals a district court order and judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Isabell in December 1995 of possession with intent to distribute less than 50 grams of heroin, possession of less than 25 grams of cocaine, and possession of a firearm during the commission of a felony. On January 18, 1996, he was sentenced as a habitual offender to consecutive prison terms of 5 to 20 years (heroin), 5 to 15 years (cocaine), and 2 years (firearm). The Michigan Court of Appeals affirmed Isabell's conviction and sentence on October 28, 1997, and the Michigan Supreme Court denied leave to appeal.

In his timely federal habeas corpus petition, Isabell presented the following grounds for relief: (1) there was insufficient evidence to convict him on any of the three counts; (2) the trial court abused its discretion by admitting irrelevant and prejudicial evidence and by permitting police witnesses to speculate without foundation that Isabell was a drug trafficker; (3) the trial court improperly admitted evidence obtained as a result of an unconstitutional search; (4) the trial court denied Isabell a fair trial by denying his motion to adjourn pending a Michigan Supreme Court decision so that the parties could negotiate a plea agreement; (5) the trial court erroneously scored two sentencing guideline variables; (6) the prosecutor withheld exculpatory evidence; and (7) officers conducted an unconstitutional search of a person found on the premises and not mentioned in the search warrant.

The district court denied Isabell's § 2254 petition in an opinion and order filed on May 31 and entered on June 1, 2001. A separate judgment was entered the same day. The district court found that sufficient evidence was presented so that a reasonable factfinder could find Isabell guilty beyond a reasonable doubt of each charged offense, although the court acknowledged that the element of intent to distribute in the heroin count was a close question. The district court further found that Isabell's evidentiary issues were barred from federal habeas review by procedural default, that his Fourth Amendment issues and his sentencing issues were not cognizable on federal habeas review, that the trial court's refusal to postpone the trial for a third time did not violate Isabell's constitutional rights, and that the alleged "exculpatory evidence" was not exculpatory at all and was disclosed to the jury.

On appeal, Isabell argues that: (1) there was insufficient evidence to convict him on any count; and (2) the trial court improperly admitted certain evidence.

Upon review, we affirm the district court's judgment because it properly concludes that the state courts' determination of the issues did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See Doan v. Brigano,* 237 F.3d 722, 729 (6th Cir.2001). This court reviews *de novo* the district court's legal conclusions regarding the disposition of a § 2254 petition. *Id.*

■ Isabell did not raise his issues numbered (3) through (7) on appeal. Therefore, they are considered to be abandoned and are not reviewable. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996). In any event, they do not merit habeas relief for the reasons stated by the district court.

Federal habeas corpus relief may be granted "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Scott v. Mitchell,* 209 F.3d 854, 863 (6th Cir.), *cert. denied,* 531 U.S. 1021, 121 S.Ct. 588, 148 L.Ed.2d 503 (2000). This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *See Herrera v. Collins,* 506 U.S. 390, 401–02, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Neal v. Morris,* 972 F.2d 675, 678 (6th Cir.1992). Circumstantial evidence may be sufficient to support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *Walker v. Russell,* 57 F.3d 472, 475 (6th Cir.1995); *Tilley v. McMackin,* 989 F.2d 222, 225 (6th Cir.1993). We agree with the state and district courts that sufficient evidence was presented by which a reasonable juror could find Isabell guilty of all three crimes with which he was charged.

■ In addition, the district court did not err in determining that Isabell's evidentiary issues are barred from federal habeas review due to his procedural default in the state courts.

When a state prisoner defaults on his "federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

*Williams v. Coyle,* 260 F.3d 684, 693 (6th Cir.2001) (quoting *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). "[E]ven constitutional errors will not be noticed if an adequate and independent state-law ground exists for upholding the conviction or sentence." *Greer v. Mitchell,* 264 F.3d 663, 672 (6th Cir.2001) (citing *Coleman,* 501 U.S. at 729–31, 111 S.Ct. 2546).

This court uses a four-part test to determine whether a federal court is procedurally barred from reviewing a state prisoner's federal constitutional claims: (1) the prisoner failed to comply with a state procedural rule that is applicable to his claim; (2) the state courts actually based their decisions on the procedural rule; (3) the procedural rule is an adequate (i.e., firmly established and regularly followed) and independent state ground on which the state can rely to foreclose federal review; and (4) the petitioner does not show cause and prejudice or a miscarriage of justice. *See Williams,* 260 F.3d at 693; *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986).

The district court properly found that all four parts of the *Maupin* test are met in this case. Moreover, Isabell failed to allege cause or show actual prejudice to excuse his procedural default. Nor has he established a fundamental miscarriage of justice.

Accordingly, the district court's judgment, entered on June 1, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.